UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Allen Rheaume,

    Plaintiff,

    v.                                          Civil Action No. 2:15-cv-135-wks-jmc

Andrew Pallito, Mark Potanas,
Cullen Bullard, Kris Goldstein,
Samantha Clarke, Kim Bushey,
Jim Gibson, Dale Crook,
Larry Martineau, Tammy Kennison,
and Brad Dunsmore,

    Defendants.

## REPORT AND RECOMMENDATION
(Doc. 81)

Plaintiff Allen Rheaume, a Vermont inmate proceeding *pro se* and *in forma pauperis*, has brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendants, employees of the Vermont Department of Corrections, unlawfully delayed or denied his entry into sex offender programming.  Pending before the Court is Rheaume's Motion to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a).  (Doc. 81.)  Defendants oppose the Motion.  (Doc. 82.)  They contend that Rheaume, faced with an adverse Report and Recommendation (R&R) in which it is recommended that the complaint be dismissed for Rheaume's failure to state a claim, has moved for dismissal under Rule 41 only to avoid a "strike" under 28 U.S.C. § 1915(g).

The procedural posture of this case is acutely relevant to the Court's consideration of Rheaume's pending Motion. On April 20, the undersigned Magistrate Judge issued a 35-page R&R, recommending that the Court grant Defendants' Motion to Dismiss for Failure to State a Claim and dismiss Rheaume's Second Amended Complaint without leave to amend. (Doc. 80.) One week after the filing of the R&R, Rheaume filed the pending Motion to voluntarily dismiss the case. (Doc. 81.) No reason is stated for the requested dismissal in the one-sentence Motion. (*Id.*) On May 4, Defendants filed an opposition to Rheaume's Motion to Dismiss, arguing that the Motion should be denied because "[Rheaume] should not be allowed to avoid an adverse R&R for purposes of 28 U.S.C. § 1915(g) by filing a voluntary dismissal at this stage in the litigation." (Doc. 82 at 3 (citing *Grass v. Citibank, N.A.*, 90 F.R.D. 79, 80 (S.D.N.Y. 1981).)

Defendants' argument has merit, as it appears that Rheaume is seeking dismissal only to avoid a potential strike under § 1915(g). But Defendants have expended considerable time and expense in advancing a meritorious motion to dismiss. And it bears noting that Rheaume, an experienced *pro se* litigator, has recently engaged in the very same procedural maneuver in a different case before this Court. In January 2014, Rheaume moved to voluntarily dismiss another of his cases brought against employees of the Vermont Department of Corrections just one week after a lengthy R&R had been issued in which it was recommended that the Court deny Rheaume's Motion for Summary Judgment and grant the Defendants' Cross-Motion for Summary Judgment. The R&R would have resulted in dismissal of the case on the merits in Defendants' favor if adopted by the Court. (*See* ECF Case No. 5:11-cv-72, Docs. 145, 146, 148.) It is

therefore recommended that the Court deny Rheaume's Motion to Dismiss for the reasons stated in Defendants' Opposition.  (*See* Doc. 82 at 2–3.)  First, Defendants have already filed a motion to dismiss and do not stipulate to a voluntary dismissal.  *See* Fed. R. Civ. P. 41(a)(1)(A).  Second, an R&R granting Defendants' motion to dismiss has been issued and the Prison Litigation Reform Act (PLRA) does not allow a stipulation to dismissal after issuance of an adverse R&R.  *See id.*; 28 U.S.C. § 1915(a), (g).  And third, Rheaume should not be allowed to avoid a potential 28 U.S.C. § 1915(g) "strike" by exploiting Rule 41(a) in the face of an adverse R&R.  *See, e.g.*, *Edwards v. Coffee Cty. Facility*, CIVIL ACTION NO. 5:15-cv-34, 2016 WL 320948, at *1 (S.D. Ga. Jan. 26, 2016) ("Plaintiff cannot avoid the operation of the PL[R]A by stipulating to dismissal of his action after the issuance of the [R&R recommending dismissal of his Complaint]."); *Grass*, 90 F.R.D. at 80 ("claims reached a sufficiently advanced stage of litigation to preclude voluntary dismissal without prejudice").

Accordingly, I recommend that Rheaume's Motion to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a) (Doc. 81) be DENIED.

Dated at Burlington, in the District of Vermont, this 11th day of May, 2016.

/s/ John M. Conroy          
John M. Conroy  
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).